**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TERRY WADE, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDON LORENZ, et al.,<br><br>Defendants. | Case No. 4:26-cv-00077 |

# FARMINGTON NON-OPERATIVE HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Farmington Non-operative Holdings, LLC ("FNOH"), for its Answer and Affirmative Defenses to Plaintiffs' Second Amended Petition (D.E. 15) states as follows:

## NATURE OF ACTION, JURISDICTION, AND VENUE

1. Denied.[1]
2. FNOH admits Brandon Lorenz formerly worked at the Farmington plant and denies the remainder of the allegations in this paragraph.
3. Denied.
4. Denied.
5. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
6. Denied.

[1] Plaintiffs' naming of SRG Global Automotive Coatings, LLC is believed to be a misnomer for SRG Global Coatings, LLC. After a corporate transaction described in Defendant SRG's Memorandum of Law in Support of its Motion to Dismiss, another entity with the name of SRG Global Coatings, LLC was formed ("New SRG"). Today, New SRG is named RESRG Automotive Coatings LLC. As detailed in Defendant SRG's Motion to Dismiss, New SRG is not a proper party in this lawsuit. FNOH understands Plaintiffs' references in the Second Amended Complaint to "Defendant SRG" to be the prior SRG Global Coatings, LLC and answers pursuant to that understanding.

7. Denied.

**PARTIES**

8. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
9. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
10. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
11. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
12. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
13. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
14. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
15. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
16. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
17. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

18. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
19. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
20. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
21. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
22. FNOH admits Brandon Lorenz formerly worked at the Farmington plant but is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph and, therefore, denies them.
23. Denied.
24. Admitted that the sole member of Guardian Industries Holdings, LLC is GI, LLC and that GI, LLC is a Delaware limited liability company.
25. Admitted that the sole member of GI, LLC is Guardian Industries Resources, LLC and that Guardian Industries Resources, LLC is a Delaware limited liability company.
26. Admitted that the sole member of Guardian Industries Resources, LLC is Guardian Industries Equity Holdings, LLC and that Guardian Industries Equity Holdings, LLC is a Delaware limited liability company.
27. Admitted that the sole member of Guardian Industries Equity Holdings, LLC is KGIC Holdings, LLC and that KGIC Holdings, LLC is a Delaware limited liability company.
28. Denied.

29. Admitted that FNOH is a Delaware LLC that has assumed liabilities arising from the Farmington plant but denies any such liability exists in this lawsuit.

## FACTUAL ALLEGATIONS

30. Denied.

31. Denied.

32. Denied.

33. FNOH admits fume suppressants were used at Farmington plant to suppress emissions. To the extent not otherwise admitted, FNOH denies the remaining allegations contained in this paragraph.

34. Denied.

35. Denied.

36. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

37. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

38. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

39. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

40. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

41. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

42. Denied.
43. Denied.
44. Denied.
45. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
46. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
47. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
48. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
49. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
50. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.
51. Denied
52. Denied.
53. Denied.
54. Denied.
55. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, FNOH denies the allegations in this paragraph
56. FNOH is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies them.

57. Denied.

**COUNT I**

58. – 66. These paragraphs do not make any allegations against FNOH and therefore FNOH does not respond. To the extent a response is required, FNOH denies the allegations.

**COUNT II**

67. FNOH incorporates by reference each of its responses to the foregoing paragraphs as if fully set forth herein.
68. Denied.
69. Denied.
70. Denied.
71. Denied.
72. Denied.
73. Denied.
74. Denied.
75. Denied.

**COUNT III**

76. FNOH incorporates by reference each of its responses to the foregoing paragraphs as if fully set forth herein.
77. Denied.
78. Denied.
79. Denied,
80. Denied.
81. Denied.

82. Denied.

83. Denied.

FNOH denies Plaintiff is entitled to any relief whatsoever in the "WHEREFORE" paragraph, including all subparts, which immediately follows Paragraph 83 of the Petition.

**AFFIRMATIVE DEFENSES**

FNOH, for its affirmative and/or further defenses, states as follows:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statutes of limitations (including R.S.Mo. §§ 516.120 and 537.100), statutes of repose, and/or doctrines of laches and estoppel.

3. FNOH and its predecessors in interest have at all times acted in conformance with applicable standards of care under all applicable laws, regulations, permits, and industry practice. The activities at the Farmington plant were in accordance with such standards and the prevailing state-of-the-art and technology in the industry at the time, including information and instructions provided by its suppliers for the use of products at the facility at issue.

4. Plaintiffs' claims are barred by superseding and/or intervening causes for which FNOH is not legally responsible.

5. Plaintiffs' claims are barred, in whole or in part, because the claimed injuries and damages were not actually or proximately caused by any act of omission of FNOH or its predecessors in interest.

6. Plaintiffs' claims are barred, in whole or in part, because the damages Plaintiff seeks are too remote, indirect, and/or speculative.

7. Plaintiffs' alleged injury or damage was caused or contributed to by the negligence or fault of persons or entities over whom FNOH and its predecessors in interest had no control,

and such injuries or damages were not caused or contributed to by the negligence or fault of FNOH or any of its predecessors in interest, agents, servants, or employees.

8. Plaintiffs' claims and recovery are barred in whole or in part by all amounts paid, payable, or available from all other sources, including pursuant to R. S. Mo. §§ 537.067 and 537.060.

9. Plaintiffs' claims and recovery are barred in whole or in part by Plaintiff's comparative negligence per Missouri law, including R.S. Mo. § 537.765.

10. Plaintiffs failed to mitigate their alleged damages by failing to exercise reasonable and ordinary care, caution, or prudence in order to minimize or prevent the damages Plaintiffs claim to have suffered. As a result, any resulting damages sustained by Plaintiffs were proximately caused and contributed by the negligence of Plaintiffs. Any award made in favor of Plaintiffs must be apportioned to fault in accordance with the laws of the State of Missouri.

11. Plaintiffs' claims are, or may be, barred to the extent they have been resolved, settled, and/or released.

12. To the extent that Plaintiffs have received payment from any alleged joint tortfeasor or otherwise in satisfaction of any of the alleged injuries and/or claims against FNOH or its predecessors and/or other alleged tortfeasors, Plaintiffs' claims are barred by the defense of payment and accord and satisfaction.

13. If Plaintiffs have settled or hereafter settle for any alleged injuries or damages with any parties to this action or any other action, or receive payment, monies, grants or other assistance from any federal, state, or local governmental entity or non-governmental entity related to improvements to their property, including any upgrade or improvement to Plaintiffs' water systems to remove or reduce PFAS or other such chemicals, or otherwise related to Plaintiffs' allegations,

FNOH is entitled to a credit and setoff in the amount of any such payment, money, grant or assistance.

14. There can be no double recovery for any alleged injury. To the extent that Plaintiffs have alleged damages that already have been compensated or remediated, or any expenses otherwise covered, Plaintiffs are barred from seeking further recovery and must elect their remedy.

Dated: August 24, 2026

By: /s/ *Patricia Lehtinen Silva*

LATHROP GPM LLP
Allyson E. Cunningham # 64802
William G. Beck # 26849
Patricia Lehtinen Silva # 67213
Elizabeth D. Hatting # 67337
2323 Grand Boulevard, Ste. 800
Kansas City, Missouri 64108
Phone: (816) 292-2000
Fax: (816) 292-2001
allyson.cunningham@lathropgpm.com
william.beck@lathropgpm.com
patricia.silva@lathropgpm.com
elizabeth.hatting@lathropgpm.com
***Attorneys for Defendant Farmington Non-operative Holdings, LLC***